UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-MJ-1076-RJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUDIANA ALMARIE YANCEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the government's motion requesting appointment of a guardian ad litem for child crime victim N.A.M. [DE-16]. Defendant did not respond to the motion, and the court held a telephonic hearing on August 19, 2025. [DE-17]. For the reasons that follow, the motion is allowed.

Defendant was charged in a six-count criminal information on March 24, 2025, with two counts of inflicting physical injury upon a child under sixteen years of age and four counts of assault. [DE-1]. The charges were a result of the minor victim, N.A.M., who was twelve years old at the time, reporting to law enforcement that her mother, Defendant, grabbed her by the hair and struck her multiple times in the face on October 6, 2024, and that this was not the first time Defendant had struck N.A.M. Mot. [DE-16] at 1. N.A.M.'s father, Yahya Muhammed Yancey, was interviewed by Naval Criminal Investigative Service and admitted to witnessing the October 6 assault on N.A.M., indicated N.A.M. had been acting out and he believed no other forms of discipline seemed to work, and confirmed this was not the first time Defendant had struck N.A.M. *Id.* at 1–2. N.A.M. still resides with the parents, and on November 5, 2024, Muhammed Yancey stated he would not allow N.A.M. to be interviewed by law enforcement or for a Child Forensic Interview to occur. *Id.* at 2.

The court may appoint a guardian ad litem for "a child who was a victim of, or a witness to, a crime involving abuse or exploitation to protect the best interests of the child." 18 U.S.C. § 3509(h)(1). In making such an appointment, the court must consider "a prospective guardian's background in, and familiarity with, the judicial process, social service programs, and child abuse issues," and the guardian ad litem must not "be a witness in a proceeding involving the child for whom the guardian is appointed." *Id.* The statute also provides for "reasonable compensation and payment of expenses for" the guardian ad litem. *Id.*

The government contends that N.A.M.'s best interests cannot be protected by the parents, where the mother has been criminally charged with abusing N.A.M. and the father is a potential co-defendant who ratified the charged criminal activity. At the hearing, the government elaborated that appointment of a guardian ad litem was necessary in order to ensure N.A.M.'s rights under the Crime Victims' Rights Act were protected by providing a conflict-free advocate for N.A.M., which would allow the government to ascertain how N.A.M. was impacted by Defendant's criminal conduct and how N.A.M. would like to see the matter resolved. *See* 18 U.S.C. § 3771(a), (c) (outlining the government's duty to use best efforts that crime victims are accorded their rights, including the right to confer with the attorney for the government in the case). While Defendant did not respond to the government's motion, at the hearing she argued that she was working with Child Protective Services ("CPS") and questioned whether a guardian ad litem was necessary or could be put in place, as a practical matter, before the case was resolved. The government countered that the involvement of CPS did not address the issues necessitating appointment of a guardian ad litem for purposes of this case.

The court agrees with the government that appointment of a guardian ad litem is necessary to protect the rights of the minor crime victim in this case where N.A.M.'s parents, a Defendant

and potential co-defendant, have interests adverse to the victim. It is further unclear how CPS involvement ensures the protection of N.A.M.'s rights as a minor crime victim under the circumstances. The court must "ensure that [a] crime victim is afforded the rights" provided under the Crime Victims' Act, 18 U.S.C. § 3771(b)(1), and the court finds that appointment of a guardian ad litem in this case will facilitate the vindication of N.A.M.'s rights as a crime victim.

Having considered the factors set forth in 18 U.S.C. § 3509(h)(1), the court appoints Monique Kreisman to serve as guardian ad litem for N.A.M. to protect the best interests of the child victim in this case. Ms. Kreisman is an attorney admitted to the bar of this court, is in good standing, and has experience in both family law and state and federal criminal law. Accordingly, she is well-suited to serve as guardian ad litem in this matter. This appointment is confined by the duties enumerated in 18 U.S.C. § 3509(h)(2), and, here, the court anticipates the guardian ad litem's role will be predominately serving as an advocate for N.A.M. to exercise the rights provided in this case under the Crime Victims' Act, 18 U.S.C. § 3771(b)(1), particularly where CPS involvement may render unnecessary some of the enumerated duties, e.g., coordinating the delivery of special services to the child, *id.* Finally, at the conclusion of this matter, the guardian ad litem may, pursuant to 18 U.S.C. § 3509(h)(1), seek "reasonable compensation and payment of expenses" for her work in this matter at a rate not to exceed the current CJA rate of $175 per hour.

Accordingly, the motion is allowed, and, pursuant to 18 U.S.C. § 3509(h), Monique Kreisman shall serve as guardian ad litem for N.A.M. in this matter. The Clerk's Office shall provide Ms. Kreisman with a copy of this order.

SO ORDERED, this the 21 day of August, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge